**THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| **JESSICA MCCOMBS, an individual; and DAVID CRESPO, an individual,**<br><br>**Plaintiffs/Counterclaim Defendants,**<br><br>**v.**<br><br>**MICHAEL COLLINS, an individual; SERGIO MARTICORENA, an individual; and SPIRIT MACHINES, LLC, a Utah limited liability company,**<br><br>**Defendants/Counterclaim Plaintiffs.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:25-cv-00185-JNP-JCB**<br><br>**Chief District Judge Jill N. Parrish**<br><br>**Magistrate Judge Jared C. Bennett** |

## INTRODUCTION[1]

Defendants and Counterclaim Plaintiffs Michael Collins, Sergio Marticorena, and Spirit Machines, LLC (collectively, "Defendants") served a subpoena duces tecum on nonparty Jordan Clements ("Mr. Clements")[2] and a subpoena duces tecum on nonparty Franklin Lee Greenhalgh ("Mr. Greenhalgh").[3] Neither Mr. Clements nor Mr. Greenhalgh responded or served written objections to their respective subpoenas.[4] Defendants now move to compel Mr. Clements and

[1] This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A). ECF No. 8.

[2] ECF No. 83 at 2.

[3] ECF No. 84 at 2.

[4] ECF No. 83 at 2; ECF No. 84 at 2.

Mr. Greenhalgh to respond to their respective subpoenas.[5] For the reasons explained below, the court denies Defendants' motions.

## ANALYSIS

Because Defendants' motions are procedurally improper, the court denies them. In the context of a subpoena to produce documents, Fed. R. Civ. P. 45(d)(2)(B) permits a nonparty subject to such a subpoena to serve written objections to the subpoena. That rule further provides that "[*i*]*f* an objection is made, the following rules apply," which include the provision that "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection."[6] By Defendants' admission, neither Mr. Clements nor Mr. Greenhalgh served written objections to their respective subpoenas. Therefore, the provisions of Rule 45(d)(2)(B)(i)-(ii) do not apply, which makes Defendants' motions to compel procedurally improper. Therefore, the court must deny Defendants' motions.[7]

---

[5] ECF No. 83; ECF No. 84.

[6] Fed. R. Civ. P. 45(d)(2)(B)(i) (emphasis added).

[7] Although the court has denied Defendants' motions on procedural grounds, Defendants may seek relief under Rule 45(g), which provides that the court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." However, before exercising its civil contempt authority, the court must first issue an order to show cause—which the court will issue only on motion from Defendants—requiring the disobedient person to appear and show cause why his failure to comply with the subpoena should be excused. *Fed. Trade Comm'n v. Kuykendall*, 371 F.3d 745, 754 (10th Cir. 2004) (providing that in civil contempt proceedings, the Due Process Clause requires that the contemnor "be given reasonable notice and an opportunity to be heard"); *Frederick v. Panda No 1 LLC*, No. 17-CV-00420-WJM-KMT, 2018 WL 4927907, at *6 (D. Colo. Apr. 9, 2018) (providing, in the context of Rule 45(g) contempt sanctions, that "the Due Process Clause requires a contemnor be given reasonable notice and an opportunity to be heard"), *report and recommendation adopted as modified sub nom.*, No. 17-CV-0420-WJM-KMT, 2018 WL 4627105 (D. Colo. Sept. 26, 2018);

**ORDER**

For the reasons stated above, the court DENIES Defendants' motions to compel Mr. Clements and Mr. Greenhalgh to respond to their respective subpoenas.[8]

IT IS SO ORDERED.

DATED this 24th day of August 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

*Price v. Kansas*, No. 09-3172-CM, 2009 WL 10656807, at *3 (D. Kan. Aug. 18, 2009) ("Civil contempt proceedings are subject to due process considerations, and the potential contemnor must be afforded notice and a hearing, unless the contempt occurs in open court and civil contempt sanctions are imposed immediately.").

[8] ECF No. 83; ECF No. 84.