**THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| **JESSICA MCCOMBS, an individual; and DAVID CRESPO, an individual,**<br><br>**Plaintiffs/Counterclaim Defendants,**<br><br>**v.**<br><br>**MICHAEL COLLINS, an individual; SERGIO MARTICORENA, an individual; and SPIRIT MACHINES, LLC, a Utah limited liability company,**<br><br>**Defendants/Counterclaim Plaintiffs.** | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO AMEND SCHEDULING ORDER**<br><br>**Case No. 2:25-cv-00185-JNP-JCB**<br><br>**District Judge Jill N. Parrish**<br><br>**Magistrate Judge Jared C. Bennett** |

## INTRODUCTION[1]

Before the court is Defendants' motion to amend the scheduling order to complete depositions of pro se Plaintiffs Jessica McCombs ("Ms. McCombs") and David Crespo ("Mr. Crespo") (collectively, "Plaintiffs").[2] Plaintiffs oppose the motion.[3] Because Defendants have failed to demonstrate good cause for the reasons stated below, the court DENIES the motion.

---

[1] This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A). ECF No. 8.

[2] ECF No. 122.

[3] ECF No. 123.

## ANALYSIS

On June 30, 2026, the court extended the fact discovery deadline for the sole purpose of allowing Defendants to complete depositions of Plaintiffs.[4] On July 20, 2026, the court again extended fact discovery for the purpose of allowing Defendants to conduct depositions, though this time the order also accounted for a deposition of a third party.[5] On September 18, 2026, Defendants once again asked the court to extend fact discovery to complete depositions of Plaintiffs.[6]

Because Defendants requested an extension of time before the September 30, 2026, deadline to depose Plaintiffs had expired,[7] their request is governed by Fed. R. Civ. P. 6(b)(1)(A), which provides that "the court may, for good cause," extend a deadline if "a request is made. . . before the original time or its extension expires." Thus, Defendants must establish good cause for this request to be granted.

As to what is required to show good cause, the United States Court of Appeals for the Tenth Circuit has stated:

> Without attempting a rigid or all-encompassing definition of good cause, it would appear to require *at least as much* as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required.[8]

---

[4] ECF No. 61.

[5] ECF No. 79.

[6] ECF No. 122.

[7] ECF No. 79.

[8] *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996) (citation modified) (emphasis in original); *see also Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987).

"Good cause comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."[9] "It requires the moving party to show the deadline cannot be met despite the movant's diligent efforts."[10]

Defendants argue that good cause exists to extend the fact discovery deadline because they have diligently pursued the depositions, including by noticing them in June 2026; proceeding with Ms. McCombs' deposition on September 10, 2026; and scheduling Mr. Crespo's deposition on September 23, 2026.[11] Defendants additionally point to their diligence in attempting to identify alternative dates for the depositions when the scheduled depositions of Plaintiffs failed for various reasons.[12]

Plaintiffs argue that Defendants have not shown diligence or good cause for a further extension, laying the blame at Defendants' feet for the failed September depositions and saying that Defendants' inability to complete the depositions before the long-known September 30, 2026, deadline results from Defendants' own scheduling choices.[13]

A good-cause determination such as this one is an inquiry into the diligence of the movant in attempting to meet the deadline in question. There are two depositions at issue here: that of Ms. McCombs and that of Mr. Crespo. The parties disagree about what transpired during

[9] *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700-01 (10th Cir. 2017) (citation modified).

[10] *Id*. at 701 (citation modified).

[11] ECF No. 122 at 5.

[12] *Id*.

[13] ECF No. 123 at 3.

Ms. McCombs' September 10, 2026, deposition, but at some point, the deposition transitioned to settlement negotiations.[14] According to Defendants, this occurred by mutual consent and the parties mutually agreed to continue the deposition to a later date while exploring resolution.[15] Plaintiffs state they did not agree to defer the deposition while exploring settlement and that the decision to discontinue the deposition was Defendants' counsel's.[16] In any case, Defendants' decision to halt a previously scheduled deposition halfway through to pivot to settlement negotiations does not demonstrate diligence in completing Plaintiffs' depositions before the deadline expired to do so.

Defendants scheduled Mr. Crespo's deposition to occur two weeks after Ms. McCombs'. After Defendants scheduled the deposition, Defendants' lead counsel unexpectedly became unavailable on the scheduled date.[17] Scheduling conflicts arise, to be sure, as do events outside a party's control. But Defendants are seeking a third time to extend fact discovery after *they* scheduled Mr. Crespo's deposition one week before that deadline. This is not diligent; it is dilatory. This conclusion is further supported by the multiple extensions already granted to accomplish these depositions.[18]

---

[14] ECF No. 122 at 3, 5. ECF No. 123 at 1-3; ECF No. 125 at 1-2.

[15] ECF No. 122 at 5.

[16] ECF No. 123 at 2.

[17] ECF No. 122 at 3.

[18] ECF Nos. 61, 79.

## ORDER

For lack of good cause shown based upon the reasons stated above, the court DENIES Defendants' motion.[19]

IT IS SO ORDERED.

DATED this 28th day of September 2026.

BY THE COURT:



JARED C. BENNETT
United States Magistrate Judge

[19] ECF No. 122.