**THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| **JESSICA MCCOMBS, an individual; and DAVID CRESPO, an individual,**<br><br>**Plaintiffs/Counterclaim Defendants,**<br><br>**v.**<br><br>**MICHAEL COLLINS, an individual; SERGIO MARTICORENA, an individual; and SPIRIT MACHINES, LLC, a Utah limited liability company,**<br><br>**Defendants/Counterclaim Plaintiffs.** | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO ENFORCE STIPULATION**<br><br>**Case No. 2:25-cv-00185-JNP-JCB**<br><br>**District Judge Jill N. Parrish**<br><br>**Magistrate Judge Jared C. Bennett** |

## INTRODUCTION[1]

Before the court is Defendants' short-form discovery motion to enforce a purported stipulation permitting the continuation of the deposition of pro se Plaintiff Jessica McCombs ("Ms. McCombs") after the close of fact discovery.[2] Plaintiffs oppose the motion.[3] Because Defendants have failed to demonstrate good cause to extend the court-ordered discovery deadline, the court DENIES the motion.

---

[1] This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A). ECF No. 8.

[2] ECF No. 129.

[3] ECF No. 130.

## BACKGROUND

Defendants deposed Ms. McCombs on September 10, 2026.[4] Although Plaintiffs are proceeding pro se in this action, they retained an attorney to represent them in connection with their depositions.[5] Partway through Ms. McCombs' deposition, Defendants' counsel transitioned the deposition to a settlement discussion.[6] Thereafter, the deposition paused for more than an hour.[7] When the deposition resumed on the record, Defendants' counsel announced that "[W]e've agreed, because we are in active settlement discussions, to extend the depo[sition] should it be needed. What's the right phrase? You used it, in fact. You used it perfectly. But, at any rate, to keep the same amount of time left for the depo[sition] should we need it."[8] Plaintiffs' deposition counsel then stated, "Stipulate to reopen," after which Defendants' counsel thanked her for providing the phrase.[9] It is this stipulation that Defendants seek to enforce to enable Ms. McCombs' deposition to continue.

Plaintiffs argue that Fed. R. Civ. P. 29(b) provides that a stipulation extending the time for a deposition requires court approval if the stipulation interferes with the time set for completing discovery.[10] Plaintiffs also claim their deposition counsel was not authorized to stipulate to a modification of the scheduling order, that Ms. McCombs did not consent to extending the

---

[4] ECF No. 129 at 5.

[5] ECF No. 130 at 2.

[6] *See, e.g.,* ECF No. 129 at 86 ("My question is, what do you want? What would resolve this, from your mind?").

[7] *Id*. at 92.

[8] *Id*. at 92-93.

[9] *Id*. at 93.

[10] ECF No. 130 at 2.

deadlines in the scheduling order, and, to the extent Ms. McCombs understood her deposition would be continued, she understood that the continued deposition would occur within the deadlines set by the scheduling order.[11]

The court twice extended the deadline for fact discovery to close for the limited purpose of completing depositions of Plaintiffs.[12] That deadline expired on September 30, 2026,[13] and the court declined to extend it further.[14] Defendants filed the instant motion on October 2, 2026.

## ANALYSIS

The court does not decide whether the parties stipulated to continue Ms. McCombs' deposition beyond the September 30, 2026, deadline set by the court. Assuming they had,[15] such a stipulation would be unenforceable under both Fed. R. Civ. P. 29 and DUCivR 29-1 without court approval.[16]

---

[11] *Id*.

[12] ECF Nos. 61, 79. The latter order also allowed Defendants to conduct a deposition of a nonparty.

[13] ECF No. 79.

[14] ECF No. 127.

[15] *C.f. Meltzner v. Anthem Ins. Companies, Inc.*, No. CIV-17-1023-SLP, 2019 WL 2291474, at *2 (W.D. Okla. May 29, 2019) ("[T]he parties' counsels do not appear to have reached a definitive agreement regarding an extension of time, so no stipulation existed.")

[16] *Entrata, Inc. v. Yardi Sys., Inc.*, No. 2:15-CV-00102, 2019 WL 937346, at *13 (D. Utah Feb. 26, 2019) ("A court must approve of any party agreement to modify a court-ordered deadline.") (citation modified) (quoting *Garza v. Webb Cnty., Tex.*, 296 F.R.D. 511, 512 (S.D. Tex. 2014)). *See also* Fed. R. Civ. P. 29(b) (providing that "a stipulation extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery.") As the time set for completing Ms. McCombs' deposition has expired, the parties' purported stipulation would interfere with the time set for completing discovery, and it thus would require court approval to be effective.

The *Garza* Court provides persuasive analysis for applying the good-cause standard found in Fed. R. Civ. P. 16 to a motion seeking court approval of an agreement by the parties to conduct depositions after a court-ordered deadline.[17] The court reasoned that, "In effect, a Rule 29 stipulation requiring court approval is nothing more than an unopposed motion to modify a scheduling order."[18] Accordingly, the court applies the good-cause standard for evaluating the instant motion.[19]

The court has already concluded that Defendants failed to demonstrate good cause sufficient to once again extend the fact discovery deadline to complete depositions of Plaintiffs.[20] As the court previously explained, a good-cause determination is an inquiry into the diligence of the movant in attempting to meet the deadline in question. Thus, the question before the court is not whether a stipulation exists, but whether good cause has been shown to extend the deadline to conduct Ms. McCombs' deposition. Defendants did not demonstrate diligence in seeking to complete Ms. McCombs' deposition before the September 30, 2026, deadline, as the court

---

[17] 296 F.R.D. at 511-13.

[18] *Id*. at 512.

[19] Defendants' motion was filed after the relevant deadline expired. Thus, were this indeed a motion to extend the fact discovery deadline, Defendants would be required to show excusable neglect in addition to good cause. Fed. R. Civ. P. 6(b)(1)(B). However, as a showing of good cause requires "*at least as much* as would be required to show excusable neglect," the court concludes its analysis after determining Defendants failed to demonstrate good cause. *In re Kirkland*, 86 F.3d at 175 (emphasis in original).

[20] ECF No. 127.

previously analyzed.[21] And "mere stipulations are insufficient for purposes of showing good cause."[22] Accordingly, the court's analysis has not changed.

## ORDER

For lack of good cause shown based upon the reasons stated above and in the court's previous order,[23] the court DENIES Defendants' motion.[24]

IT IS SO ORDERED.

DATED this 8th day of October 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[21] *Id*.

[22] *Garza*, 296 F.R.D. at 513 (citation modified).

[23] ECF No. 127.

[24] ECF No. 129.